1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11

JANET SHELLMAN SHERMAN,

CASE NO. 2:24-cv-00408-TL

12

Plaintiff,

13

v.

ORDER ON MOTIONS FOR
SUBPOENAS

JAMES A KRUSE et al.,

14
15

Defendants.

16

    This case concerns an alleged assault and subsequent malicious prosecution. The matter

17

comes before the Court on Plaintiff Janet Shellman Sherman's motions seeking issuance of

18

subpoenas to non-parties (Dkt. Nos. 22, 24). Having reviewed the motions and the relevant

19

record, the Court DENIES both motions.

20

I.     BACKGROUND

21

    Plaintiff is proceeding *pro se* (without an attorney). Plaintiff makes many allegations, but

22

they primarily appear to center around an alleged assault while she was leaving a diner in the

23

Deer Harbor Marina at night. *See generally* Dkt. Nos. 4, 18. While the pleadings are not entirely

24

1   clear, it appears that after a brief altercation upon her exit from the diner, Plaintiff attempted to

2   drive away and struck her alleged assailant, Defendant James A. Kruse, with her car. Dkt. No. 4.

3   Plaintiff takes issue with the resulting police investigation and alleges a malicious prosecution in

4   addition to a host of other harms. *Id.* She has filed suit against Defendant Kruse, the owners of

5   the diner, employees of the San Juan County Sheriff's Office, and others.

6       Plaintiff initially filed a proposed complaint on March 18, 2024. Dkt. No. 1. Ten days

7   later, she paid the civil case filing fee, and her complaint was lodged with the Court. Dkt. No. 4.

8   The next month, she filed several "supplemental" documents (Dkt. Nos. 5, 6) and on July 1, she

9   filed a "Second Amended Complaint."[1] Dkt. No. 18. In the meantime, she has filed a series of

10  petitions and requests regarding service which resulted in the issuance of amended summons. *See*

11  Dkt. Nos. 7, 11, 13–17, 19–21.

12      On July 9, Plaintiff filed her first motion for a subpoena. Dkt. No. 22. On July 11,

13  Defendant Kruse appeared, filing his first of two answers to the complaint. Dkt. No. 24 (first

14  answer); *see also* Dkt. No. 27 (second answer). Defendant Kruse is *pro se*. That same day,

15  Plaintiff filed her second subpoena motion. Dkt. No. 24.

16      On July 12, Defendant Margaret Weidner appeared by filing her "Supplement to

17  Response." Dkt. No. 26.[2] Defendant Weidner is also *pro se*. On July 16, attorneys appeared on

18  behalf of Defendant Dennis Schilling. Dkt. Nos. 31, 32. To date, the remaining defendants have

19  not appeared.

20

21  _____
    [1] A later-filed complaint would typically serve as an operative complaint that effectively cancels the original
22  complaint. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended
    pleading supersedes the original."). However, the "Second Amended Complaint" appears to be more of a
23  supplement to the original complaint than a replacement. *See* Dkt. No. 18 at 1 (entitled "III. Statement of Claim,
    continued").

    [2] The Court is not in receipt of Defendant Weidner's original response, although she indicates that it was submitted
24  to the Court on July 9, 2024. *See* Dkt. No. 26 at 1.

Plaintiff seeks issuance of subpoenas to two non-parties. The first is directed to what may be an internet service provider, Rock Island Communications, to obtain the router used by one of the defendant police detectives in his home and to preserve his router activity information "until such time that [the] FBI can determine the identity of [a] Hacker associated with the Plaintiff's router." Dkt. No. 22 at 1–2. The second subpoena is directed to the Law Enforcement Division of the Washington State Liquor and Cannabis Board. It would require the Board to send an investigator to the car accident scene to "recreate the scenario relayed to court [by] Plaintiff and the alternative scenario relayed by Defendant Kruse and Weidner" and then "render an 'unbiased' decision." Dkt. No. 24 at 1–2.

## II.    LEGAL STANDARD

Under the Federal Rules of Civil Procedure, parties may seek to command production of "documents, electronically stored information, or tangible things" or "inspection of premises at the premises to be inspected" by individuals or entities that are non-parties to the litigation. *See* Fed. R. Civ. P. 45(a)(1), (c)(2)(A)–(B). This is part of the discovery process.[3] However, "[t]he scope of third-party discovery is governed by Rule 26 and includes 'any nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case.'" *Bel Power Sols., Inc. v. Monolithic Power Sys., Inc.*, No. MC23-0008, 2023 WL 2401926, at *1 (W.D. Wash. Mar. 8, 2023) (quoting Fed. R. Civ. P. 26(b)(1)).

## III.    DISCUSSION

As a general rule, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ P. 26(d)(1). The Rule 26(f)

---

[3] For more information about the discovery process, and about litigation in this District in general, the Court refers the Parties to the Court's webpage on "Representing Yourself ('Pro Se')," which is available at https://perma.cc/5VKZ-J4Q3, as well as the Federal Bar Association's Legal Clinic for unrepresented parties. Parties may schedule an appointment by calling 206-267-7070 and pressing "1" to leave a message.

conference is the beginning of the formal discovery process and involves the parties coming to a joint agreement regarding a discovery plan and submitting that plan to the Court. *See, e.g.*, *Wilson v. Yakima Police Dep't*, No. C23-3073, 2023 WL 6542754, at *1–2 (E.D. Wash. Oct. 6, 2023) (explaining this process).

The first subpoena motion was filed before any defendants had appeared in this case, and the second was filed just after the first defendant's appearance. The Court has not yet issued a scheduling order setting a time for the Rule 26(f) conference. A court may find good cause to allow discovery before the Rule 26(f) conference only where the need for early discovery, "in consideration of the administration of justice, outweighs the prejudice to the responding party." *See Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *see also Strike 3 Holdings, LLC v. Doe*, No. C23-0289, 2023 WL 2505015, at *2 (S.D. Cal. Feb. 24, 2023) (noting that courts within this Circuit typically use the good cause standard for determining whether to permit pre-conference discovery); *accord Zavala v. Kruse-W.*, Inc., No. C19-0239, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019) (collecting cases).

It is the requesting party's burden to demonstrate good cause to depart from the standard discovery timeline. *Rovio Ent. Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012) (internal citation omitted). The types of factors a court may consider in determining whether good cause exists for early discovery include: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the [early] discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (internal citation omitted). Whether a plaintiff's complaint has "substantial deficiencies," is another consideration in whether to permit early discovery. *See Clayton v. Does*, No. C24-0182, 2024 WL 2868562, at *2

(W.D. Wash. May 21, 2024) (denying early discovery, including service of subpoenas, partially on this basis).

In this case, Plaintiff has not met the "good cause" standard to permit early discovery. The requests would be unduly burdensome to comply with, are made far in advance of discovery—the timeline for which has not even been set—and are not necessary to the resolution of this case. Additionally, the requested subpoena to Rock Island Communications is not sufficiently related to Plaintiff's complaint. Finally, to the extent Plaintiff is concerned with the preservation of evidence, she may send a letter called a "litigation hold" or "preservation letter." U.S. DIST. CT. W. DIST. OF WASH., "Pro Se Guide to Filing Your Lawsuit in Federal Court," last updated July 2024, available at https://perma.cc/V3KT-G297. Therefore, the Court DENIES both subpoena motions.

## IV.    CONCLUSION

For the reasons above, Plaintiff's motions for subpoenas to non-parties Rock Island Communications and the Law Enforcement Division of the Washington State Liquor and Cannabis Board are DENIED without prejudice (with leave to re-file in accordance with the Federal Rules, if appropriate).

Dated this 18th day of July 2024.

Tana Lin
United States District Judge