UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET SHELLMAN SHERMAN,<br><br>  Plaintiff,<br>v.<br><br>JAMES A KRUSE et al.,<br><br>  Defendant. | CASE NO. 2:24-cv-00408-TL<br><br>ORDER ON MOTION TO STRIKE IMPROPER REPLY |

This matter comes before the Court on Defendant Dennis Schilling's Motion Striking Improper Pleading. Dkt. No. 41. For the reasons stated below, the Court GRANTS Defendant's motion.

Courts have inherent power "to manage their own affairs as to achieve the orderly and expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (internal citations omitted); *see also United States v. W.R.Grace*, 526 F.3d 499, 509 (9th Cir. 2008) ("There is a well established principle that district courts have inherent power to control their dockets." (cleaned up) (internal citation omitted)). While Defendant improperly noted the motion as a same

1  day motion, the Court nonetheless issues this order prior to the proper noting date to manage its
2  docket and advise Plaintiff as to what are proper filings.
3        Defendant Schilling seeks to strike Plaintiff's reply (Dkt. No. 40) to a notice of
4  appearance filed by one of his attorneys (Dkt. No. 33). Defendant Schilling correctly points out
5  that this reply is not one of the types of pleadings that is allowed to be filed with the Court. Dkt.
6  No. 41 at 2 (*citing* Fed. R. Civ. P. 7(a)). In addition to proper motions, the only types of
7  pleadings allowed are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a
8  counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party
9  complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an
10 answer." Fed. R. Civ. P. 7(a) and (b). Defendant Schilling is also correct that this improper filing
11 provides information that is immaterial to the issues before the Court. *Id.* at 3.
12       Additionally, the Court's July 18, 2024, Order Regarding Initial Disclosures, Joint Status
13 Report, and Early Settlement directs all Counsel and *pro se* (unrepresented) Parties to review
14 Judge Lin's Chambers Procedures. Dkt. No. 36 at 2. Those Chambers Procedures instruct that
15 Parties must make a meaningful effort to confer before filing any motions. Judge Tana Lin,
16 Standing Order for All Civil Cases, Section II(D), available at
17 https://www.wawd.uscourts.gov/judges/lin-procedures. "The purpose of a meet and confer is to
18 lessen the burden on the Court and reduce the unnecessary expenditure of resources by litigants
19 . . . by ensuring that only genuine disagreements are brought before the Court." *Sampson v.*
20 *Knight Transp.*, No. C17-28, 2022 WL 268818, at *3 (W.D. Wash. Jan. 28, 2022) (cleaned up)
21 (internal citations omitted). While several litigants in this matter are proceeding without
22 attorneys, they are bound by the same procedural requirements as other litigants. *See Muñoz v.*
23 *United States*, 28 F.4th 973, 978 (9th Cir. 2022) ("[I]t is axiomatic that pro se litigants, whatever
24

ORDER ON MOTION TO STRIKE IMPROPER REPLY - 2

their ability level, are subject to the same procedural requirements as other litigants.") (internal citations omitted).

Therefore, the Court GRANTS Defendant Schilling's motion (Dkt. No. 41) and STRIKES from the record Plaintiff's improper pleading entitled "Addressing Issues associated with Liability and Vulnerability to Liability with reference to Defendant Dennis Schilling Corporation" (Dkt. No. 40).

Dated this 30th day of July 2024.

Tana Lin
United States District Judge