UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET SHELLMAN SHERMAN,<br><br>                   Plaintiff,<br>       v.<br><br>JAMES A KRUSE et al.,<br><br>                   Defendants. | CASE NO. 2:24-cv-00408-TL<br><br>ORDER REGARDING STATUS CONFERENCE |

This matter comes before the Court *sua sponte* (on its own motion). On August 8, 2024, the Court held a status conference with the Parties. *See* Dkt. No. 54. One topic of discussion during the status conference was the effect of *pro se* (unrepresented) Plaintiff Janet Shellman Sherman's filing of an original complaint (Dkt. No. 4) and then three additional documents on different days supplementing and amending the complaint (Dkt. Nos. 5, 6, 18) instead of a single complaint. Plaintiff explained at the status conference that she had identified additional information and sought to file supplements to her complaint. None of these documents incorporated the preceding documents, and the most recent one (filed under the title "Second

ORDER REGARDING STATUS CONFERENCE - 1

1  Amended Complaint") provides an incomplete narrative of Plaintiff's claims and does not even
2  include a listing of the parties or causes of action. *See* Dkt. No. 18 at 1. Under Ninth Circuit
3  precedent, there can only be one "operative" (active) complaint, and any amended complaint
4  replaces the original complaint. *See Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022)
5  (considering the most recent complaint the "operative" one); *Lacey v. Maricopa Cnty.*, 693 F.3d
6  896, 927 (9th Cir. 2012) ("an amended complaint supercedes the original complaint and renders
7  it without legal effect").

8       This may have caused confusion as the two Defendants who have answered seem to have
9  only responded to the original complaint and not to the additions. *See, e.g.*, Dkt. No. 27
10 (Defendant Kruse's amended answer, not responding to allegations contained in Dkt. Nos. 6, 18).
11 Because Plaintiff did not intend for the "Second Amended Complaint" alone to be her
12 complaint—and because Plaintiff improperly filed this document without leave of Court over
13 three months after she had filed her original complaint[1]—the Court ordered Plaintiff to file a
14 single amended complaint. *See* Dkt. No. 54. Once an amended complaint has been filed, any
15 responsive pleadings to the earlier complaint also lose their legal effect. *See, e.g., Umouyo v.*
16 *Bank of Am. NA*, C22-0704, 2022 WL 2392386, at *1 (W.D. Wash. July 1, 2022) (denying as
17 moot motion to dismiss responding to original complaint once amended complaint had been
18 filed). Therefore, as the Court is granting Plaintiff an opportunity to amend and fix her
19 complaint, Defendants must also have an opportunity to respond to the complaint as amended.

20      The Court notes that it enters this Order upon receipt of an *ex parte* (one-sided) email
21 from Plaintiff directed only to the Court that indicated continued confusion. Although Plaintiff
22 was informed that she should refrain from emailing the Court (filing motions instead if she has

---

[1] Under the Federal Rules of Civil Procedure, a Plaintiff can only "amend its pleading once as a matter of course" without leave of Court or the opposing parties' written consent. *See* Fed. R. Civ. P. 15(a)(1)–(2).

ORDER REGARDING STATUS CONFERENCE - 2

requests) and that any necessary email communications should include all Parties (*see* Dkt. No. 54), she has failed to abide by the Court's instruction by contacting the Court without copying Counsel for Defendants. Any future violations of this, or other Court instructions, may result in sanctions. "District Courts have inherent power to control their dockets and may impose sanctions, *including dismissal*, in the exercise of that discretion." *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998) (emphasis in original) (internal citation omitted).

Therefore, the Court ORDERS Plaintiff to confer with Defendants as directed during the August 8 status conference to come up with a timeframe for filing of a single complaint that includes all of her claims. The Parties' Joint Status Report that should include this information is due September 12, 2024. *See* Dkt. No. 36 at 1; Dkt. No. 54.

Dated this 9th day of August 2024.

Tana Lin
United States District Judge