UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANET SHELLMAN SHERMAN,

                      Plaintiff,

    v.

JAMES A. KRUSE et al.,

                      Defendants.

CASE NO. 2:24-cv-00408-TL

ORDER ON MOTIONS TO DISMISS

       This matter is before the Court on Defendant Dennis Schilling's motion to dismiss (Dkt. No. 69) and Defendant James A. Kruse's motion to dismiss (Dkt. No. 70). Pursuant to a Notice of Joinder, Defendant Margaret Weidner has joined Defendant Kruse's motion. Dkt. No. 73. Plaintiff did not oppose Defendants' motions. Although Plaintiff has filed a Third Amended Complaint (Dkt. No. 83), as the Court discusses in Section IV *infra*, this pleading is improper. Plaintiff's Second Amended Complaint (Dkt. No. 58) is thus the operative complaint in this case. Having reviewed the pleadings and the relevant record, the Court GRANTS Defendants' motions to dismiss.

1

# I.    BACKGROUND

2        Although the precise nature and basis of Plaintiff's claims and complaint is not altogether

3   clear, it appears that the instant case arises out of a motor vehicle accident that occurred in the

4   parking lot of a restaurant located in Eastsound, Washington, on March 9, 2023. *See* Dkt. No. 58

5   at 5. The accident subsequently led to Plaintiff's prosecution and guilty plea in San Juan County,

6   Washington, District Court. *See id.* at 11.

7        In the Second Amended Complaint, Plaintiff pleads multiple allegations against a handful

8   of individuals purported to be participants in events preceding the accident; in the accident; and

9   in the subsequent investigation and prosecution of Plaintiff. *See generally id.* The Defendants[1] in

10  this case are:

11        1.   James A. Kruse, "Lease Owner" of Island Pie, a restaurant in Eastsound, San Juan
             County, Washington, where the motor vehicle accident allegedly occurred. *Id.* at
12           2. Mr. Kruse was allegedly involved in the accident. *Id.* at 5.

13        2.   Margaret Weidner, "Prior Lease Owner of Island Pie" and allegedly a witness to
             the motor vehicle accident. *Id.* at 2, 5.

14
          3.   Dennis Schilling Corporation, "Corporation Owner" of Deer Harbor Marina and
15           owner of the building in which Island Pie is located. *Id.* at 2. Plaintiff does not
             fully explain this defendant's role in the events at issue in her Complaint.
16
          4.   Raymond Harvey, Detective at San Juan County Sheriff's Office in Friday
17           Harbor, San Juan County, Washington. *Id.* at 3. Detective Harvey investigated the
             motor vehicle accident. *Id.* at 6.
18
          5.   Herb Crowe, "Sargent [*sic*]" and "Supervisor of Raymond Harvey" at San Juan
19           County Sheriff's Office. *Id.* at 3. Mr. Crowe is allegedly Detective Harvey's
             supervisor. *Id.* He allegedly participated in the execution of a search warrant on
20           Plaintiff's property. *Id.* at 9.

21        6.   Eric Peter, "Elected Sheriff" and "Supervisor for all official personnel" at San
             Juan County Sheriff's Office. *Id.* at 3. Plaintiff does not fully explain Sheriff
22           Peter's role in the events at issue in her Complaint.

23   _____

24   [1] Plaintiff identifies Defendants 1, 2, and 3 as "individuals." Dkt. No. 58 at 2. Plaintiff identifies Defendants 4, 5, 6, 7, and 8 as "Government." *Id.* at 3.

7. Honorable Judge Kathryn C. Loring, Presiding Judge, San Juan County Superior Court, Washington. *Id.*; *see* Staff Directory, San Juan County, Washington, https://perma.cc/BTU4-P3HE.[2] Judge Loring allegedly signed a search warrant for Plaintiff's property. Dkt. No. 58 at 9.

8. Chris Taylor, Deputy Prosecutor (District Court), San Juan County, Washington. *Id.* at 3; *see* Staff Directory, San Juan County, Washington, https://perma.cc/84ES-5B64. Mr. Taylor allegedly prosecuted a criminal action against Plaintiff. Dkt. No. 58 at 11.

The Court notes that only Defendants Kruse, Weidner, and Schilling—the defendants whose motions to dismiss are presently before the Court—have answered Plaintiff's Complaint. As to the remaining five defendants, on August 5, 2024, an attorney representing Defendants Crowe, Harvey, Loring, Peter, and Taylor entered an appearance (Dkt. No. 48), and on September 10, 2024, these defendants filed a demand for a jury trial (Dkt. No. 60). However, to date, none of these defendants has issued a responsive pleading. On August 20, 2024, all defendants submitted a Status Report and Discovery Plan that asserted, "Defendants shall file their Answer and/or Responsive Motions to Plaintiff's Amended Complaint no later than September 20, 2024." Dkt. No. 57 at 4. Even so, the Court has not received any such pleading or motion from Defendants Crowe, Harvey, Loring, Peter, or Taylor. Moreover, none these defendants joined either of the other defendants' motions to dismiss. In this Order, then, the Court will not entertain any potential grounds for dismissal that might or might not apply to these defendants individually. *But see* Section III.A *infra*.

## II.    LEGAL STANDARD

The two motions presently before the Court cite different grounds for dismissing Plaintiff's complaint. Defendants Kruse and Weidner rely on Federal Rule of Civil Procedure

---

[2] "On a motion to dismiss, [a court] may consider . . . matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). The official San Juan County website is a matter of public record. *See People Not Politicians Oregon v. Fagan*, No. C20-1053, 2021 WL 2386118, at *2 (D. Or. June 10, 2021) (finding government website to be a "matter[] of public record not subject to reasonable dispute").

1    12(b)(1), arguing that this Court lacks subject matter jurisdiction to hear the complaint. *See*

2    *generally* Dkt. No. 70. Defendant Schilling invokes Rule 12(b)(6), asserting that Plaintiff has

3    failed to state a claim upon which relief can be granted. Dkt. No. 69 at 9.

4    **A.    Subject-Matter Jurisdiction: Rule 12(b)(1)**

5           As a federal court, this Court must dismiss a case if it lacks jurisdiction to hear it. Fed. R.

6    Civ. P. 12(h)(3). "Federal courts are courts of limited jurisdiction, having the power to hear

7    certain cases only as the Constitution and federal law authorize." *Newtok Vill. v. Patrick*, 21

8    F.4th 608, 615 (9th Cir. 2021); *accord Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

9    377 (1994). Federal courts are presumed to lack subject matter jurisdiction over a case, and the

10   burden of showing otherwise rests upon the party asserting jurisdiction. *Kokkonen*, 511 U.S. at

11   377. Broadly speaking, a federal district court has jurisdiction over all civil actions: (1) "arising

12   under the Constitution, laws, or treaties of the United States" (*i.e.*, "federal-question"

13   jurisdiction), *see* 28 U.S.C. § 1331; or (2) where the amount in controversy exceeds $75,000 and

14   the citizenship of each plaintiff is different from that of each defendant (*i.e.*, "diversity"

15   jurisdiction), *see id.* § 1332; *see also Newtok Vill.*, 21 F.4th at 615 (noting "the two types of

16   federal subject matter jurisdiction—diversity of citizenship and federal question").[3]

17   **B.    Claims Upon Which Relief May Be Granted: Rule 12(b)(6)**

18          A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief

19   can be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion to dismiss, the

20   Court takes all well-pleaded factual allegations as true and considers whether the complaint

21   "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

22

23   _____
     [3] As will be discussed, because Plaintiff has brought claims under federal law—namely, 42 U.S.C. § 1983—the
     Court finds that Plaintiff has established federal-question jurisdiction under 28 U.S.C. § 1331. Accordingly, the

24   Court need not address whether Plaintiff has properly established diversity jurisdiction.

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements" are

insufficient, a claim has "facial plausibility" when the party seeking relief "pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 672. "When reviewing a dismissal pursuant to Rule . . .

12(b)(6), 'we accept as true all facts alleged in the complaint and construe them in the

light most favorable to plaintiff[ ], the non-moving party.'" *DaVinci Aircraft, Inc. v. United

States*, 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (quoting *Snyder & Assocs.*

*Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir. 2017)).

### III.    DISCUSSION

As a preliminary matter, the Court notes that Plaintiff failed to file an opposition to

Defendants' motions to dismiss.[4] Under Local Civil Rule 7(b)(2), the Court may consider this as

an admission that Defendants' motions have merit. LCR 7(b)(2). Because the Court finds merit

in Defendants' motions irrespective of Plaintiff's nonresponse, however, it declines to draw any

inferences from Plaintiff's failure to file an opposition brief in this instance, especially as

Plaintiff is representing herself *pro se*. Plaintiff is cautioned, however, that future lapses may

result in adverse rulings against her based on the Court's application of LCR 7(b)(2).

The Court first addresses Defendants' jurisdictional objections, as a court "act[s] ultra

vires [or beyond its powers] when it assumes hypothetical jurisdiction in order to rule on the

merits." *Mendoza v. Stricker*, 51 F.4th 346, 352 (9th Cir. 2022) (quoting *Steel Co. v. Citizens for*

*a Better Env't*, 523 U.S. 83, 101–02 (1998)) (internal quotation marks removed). The Court lacks

---

[4] After Defendants filed their motions to dismiss (Dkt. Nos. 69, 70), Plaintiff filed several papers with the Court
(Dkt. Nos. 71, 72, 74, 75, 79, 80). While none of these filings is recognizable as a proper opposition to Defendants'
motions, Plaintiff is clearly actively prosecuting her case.

authority to consider and must dismiss any claims over which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

## A.    No Private Right of Action

Plaintiff alleges violations of numerous federal statutes. *See* Dkt. No. 58 at 4. But most of Plaintiff's claims must be summarily dismissed because Plaintiff lacks standing to bring them and, consequently, the Court lacks jurisdiction to hear them. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing examines whether a plaintiff is entitled to bring their claims before the court and is "an essential ingredient of subject matter jurisdiction." *See Perry v. Newsom*, 18 F.4th 622, 630–31 (9th Cir. 2021).

Criminal provisions codified under Title 18 of the United States Code do not provide civil plaintiffs with a private right of action and, therefore, do not confer standing upon private citizens like Plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008) ("Where a federal statute does not explicitly create a private right of action, a plaintiff can maintain suit only if Congress intended to provide the plaintiff with an implied private right of action.") (internal citation and quotation marks omitted)). Here, Plaintiff has alleged violations of numerous federal statutes. *See* Dkt. No. 58 at 4. Seventeen of these do not provide for a private right of action:

1. 18 U.S.C. § 113(5) ("Assaults within maritime and territorial jurisdiction");

2. 18 U.S.C. § 1519 ("Destruction, alteration, or falsification of records in Federal investigations and bankruptcy");

3. 28 U.S.C. § 4101 ("Definitions [as applicable to foreign judgments])";

4. 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud United States");

5. 18 U.S.C. § 1001 ("Statements or entries generally");

6. 18 U.S.C. § 1038 ("False information and hoaxes");

7. 34 U.S.C. § 12601 ("Cause of action [by Attorney General])";

8. 18 U.S.C. § 241 ("Conspiracy against rights");

9. 18 U.S.C. § 242 ("Deprivation of rights under color of law");

10. 18 U.S.C. § 1621 ("Perjury generally");

11. 18 U.S.C. § 1623 ("False declarations before grand jury or court");

12. 18 U.S.C. § 1030(a)(5) ("Fraud and related activity in connection with computers");

13. 18 U.S.C. § 3117 ("Mobile tracking devices");

14. 18 U.S.C. § 2510 ("Definitions [as applicable to wire and electronic communications interception and interception of oral communications]");

15. 18 U.S.C. § 2516 ("Authorization for interception of wire, oral, or electronic communications");

16. 18 U.S.C. § 2518 ("Procedure for interception of wire, oral, or electronic communications"); and

17. 18 U.S.C. § 2331 ("Definitions [as applicable to terrorism]").

Two of the statutes cited by Plaintiff do not exist in the United States Code:

1. 28 U.S.C. § 1621; and

2. 28 U.S.C. § 1623.

Plaintiff also appears to allege violations of Federal Rule of Criminal Procedure 41 ("Search and Seizure") which, as the title suggests, is one of the rules governing the procedure to be followed in all criminal proceedings in federal court. *See* Fed. R. Crim. P. 1(a)(1). These Rules are not statutes or laws that provide a cause of action in and of themselves.

Plaintiff thus lacks standing to assert civil claims based on the statutes and rules listed above. Without standing, this Court lacks jurisdiction, and these claims must be dismissed in their entirety, against all defendants, pursuant to Federal Rule of Civil Procedure 12(b)(1). *E.g.*,

1  :*Candy-Anh-Thu:Tran v. Daniel*, No. C17-4243, 2017 WL 6513414, at *2 (N.D. Cal. Dec. 20,

2  2017) (dismissing civil complaint alleging criminal charges without leave to amend pursuant to

3  Rule 12(b)(1)).

4  **B.    Section 1983**

5  Plaintiff also brings claims under 42 U.S.C. § 1983 ("Section 1983"). *See* Dkt. No. 58 at

6  4. Plaintiff's complaint is a little difficult to understand, and the Court has done its best to

7  understand the claims asserted.

8  "Every person who, under color of [state law], subjects or causes to be subjected, any

9  citizen of the United States or other person within the jurisdiction thereof to the deprivation of

10  any rights, privileges, or immunities secured by the Constitution and laws, *shall be liable to the*

11  *party injured*." 42 U.S.C. § 1983 (emphasis added). Unlike the statutes listed above, Section

12  1983 allows plaintiffs to bring civil complaints against state officials in district court, and this

13  Court clearly has jurisdiction to hear them. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("The

14  purpose of § 1983 is to deter state actors from using the badge of their authority to deprive

15  individuals of their federally guaranteed rights and to provide relief to victims if such deterrence

16  fails.").

17  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

18  the Constitution and laws of the United States, and must show that the alleged deprivation was

19  committed by a person acting under color of state law." *Ochoa v. Pub. Consulting Grp., Inc.*, 48

20  F.4th 1102, 1107 (9th Cir. 2022). Here, Plaintiff's complaint specifically cites Section 1983 and

21  alleges violations of rights afforded to her by the Fourth and Fourteenth Amendments of the

22  Constitution. Dkt. No. 58 at 4. (Plaintiff also alleges, without specifically asserting, violations of

23  her Fifth Amendment rights. *See id.* at 8.) To the extent that these alleged violations of

24

constitutional rights were perpetrated under the color of state law, Plaintiff can use them as the basis for a Section 1983 complaint in district court.

But even so, not all defendants here may be found liable under Section 1983. Plaintiff's claims as to these defendants must be dismissed under Federal Rule of Civil Procedure 12(b)(6), because they represent claims for which this Court cannot grant relief.

### 1.    Defendants Kruse, Schilling, and Weidner

"In order to recover under § 1983 for conduct by the defendant, a plaintiff must show that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (internal quotation marks omitted)). "The state-action element in § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted)). With respect to those defendants that Plaintiff identifies as "individuals," as opposed to "government," Plaintiff has not demonstrated that any complained-of action was performed under color of state law. *See* Dkt. No. 58 at 2.

Plaintiff describes, among other things, a physical interaction[5] between herself and Defendant Kruse in the parking lot of a restaurant (*id.* at 5), as well as a purported "conspiracy" involving Defendants Kruse and Weidner to "concoct[] a cover-up plan" to obfuscate what happened (*id.* at 6). Plaintiff also alleges that Defendants Kruse and Weidner engaged in "bold compounded malice . . . just to keep [Plaintiff] under wrongful prosecution" (*id.* at 10) and accuses them of violating Washington State Liquor and Cannabis Board regulations (*id.* at 14). As to Defendant Schilling, Plaintiff alleges that he is the leaseholder of the property where the

---

[5] Plaintiff characterizes this as an "assault with car." Dkt. No. 58 at 14.

restaurant is located. *Id.* at 14. For the purposes of a Section 1983 complaint, none of this equates to state action.

The Court does note, however, that the language in Plaintiff's complaint could be construed as an allegation that, because some of the non-government defendants here were purportedly acting within the framework of a regulated industry—*i.e.*, the selling and serving of alcoholic beverages, *see* Title 314 WAC—they were acting under color of state law. *See, e.g.*, Dkt. No. 58 at 6. But "[m]ere state regulation of a private industry in and of itself does not constitute state action. Something more, more in the nature of a substantial and direct involvement in promoting the challenged activity, must be demonstrated in order to establish state action." *Uston v. Hilton Hotels Corp.*, 448 F. Supp. 116, 118 (D. Nev. 1978) (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972)). Plaintiff does not allege "something more," let alone anything to indicate substantial and direct state involvement in her interactions with Kruse, Weidner, and Schilling. *See generally* Dkt. No. 58. Thus, even if Plaintiff is alleging that her Constitutional rights were violated by private citizens in the fulfillment of their obligations as licensees under Washington administrative law (and it is not entirely clear to the Court that this is what Plaintiff is alleging), it would not be "state action" for the purpose of locating liability under Section 1983.

Therefore, Plaintiff's Section 1983 claims against James A. Kruse, Margaret Weidner, and Dennis Schilling must be dismissed.

### 2.     Defendants Crowe, Harvey, Loring, Peter, and Taylor

As noted in Section I *supra*, these defendants have not answered Plaintiff's complaint. As discussed in Section III.A *supra*, the Court dismisses with prejudice Plaintiff's non–Section 1983 claims in their entirety, including those claims asserted against Defendants Crowe, Loring, Peter,

1    and Taylor. However, with respect to Plaintiff's Section 1983 claims against these defendants,

2    the Court does not address them here, as they have not responded to Plaintiff's complaint.

3    **C.    Leave to Amend**

4          "A district court may dismiss a complaint without leave to amend if amendment would be

5    futile." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600

6    (quoting *Carrico v. City & Cnty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011)) (internal quotation

7    marks omitted). Here, the Court finds that amendment of Plaintiff's dismissed claims would be

8    futile.

9          First, with respect to the non–Section 1983 claims discussed in Section III.A *supra*, given

10   Plaintiff's lack of standing, the Court finds that amendment would be futile. Accordingly, these

11   claims are dismissed without leave to amend. *See Preskar v. United States*, 248 F.R.D. 576, 587

12   (E.D. Cal. 2008) (dismissing claims without leave to amend "given [Plaintiffs'] lack of

13   standing").

14         Second, as to the Section 1983 claims against Defendants Kruse, Weidner, and Schilling,

15   given that the complained-of conduct allegedly perpetrated by these private individuals cannot

16   constitute state action, the Court finds that amendment would be futile. Accordingly, these

17   claims are dismissed without leave to amend. *See Naffe v. Frey*, 789 F.3d 1030, 1041 (9th Cir.

18   2015) (affirming dismissal with prejudice of Section 1983 complaint where plaintiff failed to

19   allege facts sufficient to show presence of state action).

20                        IV.    PLAINTIFF'S THIRD AMENDED COMPLAINT

21         On October 25, 2024, Plaintiff filed a Third Amended Complaint. Dkt. No. 83. Under

22   Federal Rule of Civil Procedure 15, after a party has amended a pleading once, they may amend

23   it again "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

24   15(a)(2). Plaintiff did not seek or obtain leave (*i.e.*, permission or authorization) from the Court

to file the Third Amended Complaint. Nor does it appear that Plaintiff obtained consent from the defendants prior to filing it. Therefore, because Plaintiff has already amended her complaint at least once, *compare* Dkt. No. 4, *with* Dkt. No. 58, the Third Amended Complaint is improper. Accordingly, the Court STRIKES the pleading. Plaintiff is advised that all further filings with the Court must be made in accordance with the Federal Rules of Civil Procedure.

However, because (1) Plaintiff is *pro se*; (2) this case is in its very early stages; and (3) a quick review of Plaintiff's Third Amended Complaint reveals that she is trying to add some additional federal claims, the Court will allow Plaintiff one final opportunity to amend her complaint.

Plaintiff should be aware that an amended complaint supersedes and completely replaces the original and any prior amended complaints. *See Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (same). Accordingly, when filing the replacement Third Amended Complaint, Plaintiff: (1) shall not include any claims that have been dismissed in this Order; and (2) must include all claims she intends to bring in this case; she will not be allowed to file any additional amended complaints without good cause and without leave of the Court.

## V.    CONCLUSION

Defendant Schilling's motion to dismiss (Dkt. No. 69) is GRANTED. Defendant Kruse's motion to dismiss (Dkt. No. 70) is GRANTED. The Court ORDERS as follows:

> (1)    Plaintiff's claims against Defendants Kruse, Schilling, and Weidner are DISMISSED WITH PREJUDICE.

> (2)    Plaintiff's claims against Defendants Crowe, Harvey, Loring, Peter, and Taylor brought pursuant to statutes other than 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE.

(3)      Plaintiff's Third Amended Complaint (Dkt. No. 83) is STRICKEN.

(4)      If Plaintiff wishes to file an amended complaint, Plaintiff SHALL FILE a

Third Amended Complaint **no later than December 2, 2024.** If Plaintiff does not

file a Third Amended Complaint, then the case shall proceed only with respect to

the claims raised under 42 U.S.C. § 1983 in Plaintiff's Second Amended

Complaint (Dkt. No. 58).

Dated this 1st day of November 2024.

Tana Lin
United States District Judge