UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET SHELLMAN SHERMAN,<br><br>                Plaintiff,<br>     v.<br><br>JAMES A. KRUSE et al.,<br><br>                Defendants. | CASE NO. 2:24-cv-00408-TL<br><br>ORDER ON DISCOVERY MOTIONS |

This matter comes before the Court on Plaintiff Janet Shellman Sherman's Motions for Subpoena (Dkt. Nos. 71, 72), "Motion to Retract Early Settlement Toward Relief and to Provide Early Discovery For Trial" (Dkt. No. 74), "Motion for Declarations of Discovery" (Dkt. No. 75), "Motion for Early Settlement Due to Malicious Prosecution" (Dkt. No. 79), and "Motion for Request of Early Settlement Conference" (Dkt. No. 80). Defendant James A. Kruse filed an opposition to Plaintiff's request for a subpoena filed as Docket Number 71. Dkt. No. 76. Having reviewed the pleadings and for the reasons stated below, the Court DENIES Plaintiff's motions.

I.     PLAINTIFF'S FILINGS

A.     Motions for Subpoena

    1.     Docket Number 71 Request

As was the case with Plaintiff's July 11, 2024, motion to subpoena (Dkt. No. 24), Plaintiff here seeks the intervention of the Washington State Liquor and Cannabis Board to review records associated with a "Restaurant iPad." *Compare* Dkt. No. 24 at 2, *with* Dkt. No. 71 at 1, 2.

Subpoenas are governed by Federal Rule of Civil Procedure 45. A valid subpoena must adhere to specific procedural and substantive guidelines prescribed in this rule. Rule 45(a)(1), for example, lists requirements as to "Form and Contents"; every subpoena must adhere to these requirements and include all data as specified in the rule. Plaintiff should review Rule 45 to ensure that she issues any subpoena properly. However, the Court notes that where a *pro se* party seeks a subpoena, they must request that the Clerk of Court (not the judge) sign and issue it "in blank." Fed. R. Civ. P. 45(a)(2)–(3). Therefore, the Court DENIES Plaintiff's motion.

    2.     Docket Number 72 Request

Although this document is captioned and docketed as a motion for a subpoena, the filing itself is to "request[] the assistance of an FBI investigator to examine . . . and . . . investigate" "a Device implanted in her" home. Dkt. No. 72 at 1. This motion is, in large part, substantively similar to Plaintiff's September 13, 2024, motion for discovery (Dkt. No. 65). *Compare* Dkt. No. 72 at 1 (requesting FBI investigation to "examine a Device implanted in her Router room during a Search Warrant"), *with* Dkt. No. 65 at 3 (requesting FBI investigation into "implantation of a device . . . delivered . . . during a[] . . . Search Warrant"). But as the Court has previously advised, federal courts cannot conduct or compel law enforcement investigations. *See* Dkt. No. 67 at 2.

For the same reasons stated in the September 16, 2024, Order on discovery motion (Dkt. No. 67), the Court DENIES Plaintiff's "Motion to Subpoena" (Dkt. No. 72). As the Court already has denied the previous iteration of the motion requesting this information (Dkt. No. 67), Plaintiff is admonished that, moving forward, future repetitious pleadings may be found frivolous and sanctions may be imposed. *E.g., Smith v. Walker*, No. C18-5211, 2018 WL 2451306, at *2 (W.D. Wash. Apr. 17, 2018) (admonishing plaintiff that the court may consider further "overlapping" or "repetitious" pleadings to be frivolous).

**B.     Other Discovery Motions**

   **1.     Motion to Retract Early Settlement Toward Relief and to Provide Early Discovery For Trial (Docket Number 74)**

Notwithstanding the caption of this filing, Plaintiff's purpose in submitting it is not clear to the Court. In the "Motion to Retract" (Dkt. No. 74), Plaintiff purports to "enter[] a "PlaceHolder for the Discovery within Insurance Report by State Farm, Inc. . . ." Dkt. No. 74 at 1. But "placeholders" are not contemplated or permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7 ("Pleadings Allowed").

Plaintiff appears to be trying to inform the Court of what discovery she may seek or what she believes discovery may reveal. However, the Court notes for her that "[d]iscovery requests should not be filed with the Court." *Pendleton v. Jordan*, No. C20-5297, 2021 WL 871425, at *2 (W.D. Wash. Mar. 9, 2021) (citing LCR 5(d); Fed. R. Civ. P. 5(b)(1)); *see Muñoz v. Locke*, No. C10-1475, 2013 WL 12177035, at *3 (W.D. Wash. Feb. 8, 2013) (addressing discovery requests that had been improperly filed with the court as "motions"). Under Federal Rule of Civil Procedure 34(a)(1), "[a] party may serve on any other party a request" for production of various materials relevant to her case. To properly serve discovery requests, however, Plaintiff must serve her discovery requests on Defendants' counsel(s), as listed on the docket. Plaintiff may not

(and shall not) file with the Court any discovery requests or responses (including materials obtained in discovery) in this action unless: (1) they are used in the proceedings (for example, as an exhibit to a motion, if appropriate); or (2) the Court orders that they be filed. LCR 5(d); *see also Nanez v. Sapp*, No. C24-5293, 2024 WL 4217436, at *2 (W.D. Wash. Aug. 20, 2024).

To the extent that Docket Number 74 is a motion requesting that the Court issue an order, the Court DENIES the motion.

2.   **Motion for Declarations of Discovery (Docket Number 75)**

As to the "Motion for Declarations of Discovery" (Dkt. No. 75), this filing also seems to enter "Placeholders," this time "for outcome of the investigations." Dkt. No. 75 at 1. The bulk of the filing appears to describe: (1) Plaintiff's explanation of the purpose and scope of certain "complaints and requests" she alleges she has made to the San Juan County Sheriff's Department; and (2) how she intends to use materials related thereto at trial. *See id.* But like Docket Number 74, the content of Docket Number 75 cannot be considered a proper pleading under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7. Therefore, to the extent that Docket Number 75 is a motion requesting that the Court issue an order, the Court DENIES the motion.

C.   **Motions for Early Settlement and Request of Early Settlement Conference (Docket Numbers 79 and 80)**

Although these documents have been captioned differently and submitted separately, they are, in fact, virtual carbon copies of one another. *Compare* Dkt. No. 79, *with* Dkt. No. 80. The Court reiterates its admonishment to Plaintiff that future repetitious pleadings may be found frivolous. Moreover, although both filings are stylized as "motions," they do not request that the Court take any specific action, and the Court cannot discern Plaintiff's purpose in filing them.

ORDER ON DISCOVERY MOTIONS - 4

*See generally id.* Therefore, to the extent that Docket Numbers 79 and 80 are motions requesting that the Court issue an order, the Court DENIES the motions.

**D.      Caution to Plaintiff**

Finally, Plaintiff is again cautioned on the content of her filings with the Court. First, the filing of numerous motions will not expedite the resolution of this case and may in fact delay it further. While the Court tries to resolve all pending motions on a timely basis, *see* LCR 7(b)(5), this becomes a more difficult task when there are numerous pending motions filed within a short time. Second, in a July 30, 2024, Order, the Court explained to Plaintiff that, in addition to proper motions, the only documents to be filed on the docket are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Dkt. No. 47 at 2 (citing Fed. R. Civ. P. 7(a)–(b)) (internal quotation marks removed). Moreover, the Court also advised Plaintiff that "Parties must make a meaningful effort to confer before filing any motions." *Id.* Plaintiff is cautioned that continuing to file improper and/or premature documents may result in sanctions, including an order to pay a penalty or pay Defendants' costs and fees. *See Mayes v. Int'l Mkts. Live*, No. C22-1269, 2023 WL 3791819, at *2 (W.D. Wash. June 2, 2023) (Lin, J.) (discussing possibility of sanctions for *pro se* litigant engaging in repeated filings); *White v. Univ. of Wash.*, No. C22-1798, 2023 WL 3582395, at *3, *9–12 (W.D. Wash. May 22, 2023) (Lin, J.) (same). As the Court has noted, "[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *White*, 2023 WL 3582395, at *10 (quoting *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022)).

## II. CONCLUSION

For the foregoing reasons, Plaintiff's motions (Dkt. Nos. 71, 72, 74, 75, 79, 80) are DENIED.

Dated this 1st day of November 2024.

_____
Tana Lin
United States District Judge