UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANET SHELLMAN SHERMAN,<br><br>Plaintiff,<br>v.<br><br>JAMES A. KRUSE et al.,<br><br>Defendants. | CASE NO. 2:24-cv-00408-TL<br><br>ORDER ON FOURTH AMENDED COMPLAINT |

This matter is before the Court on its own motion. On February 13, 2025, without seeking leave from the Court, Plaintiff filed a Fourth Amended Complaint ("FAC"). Dkt. No. 90. Then, on May 9, 2025, Plaintiff filed a motion seeking an extension of time for her to serve a Defendant named in the FAC who was not named in Plaintiff's Third Amended Complaint, the operative pleading in this case. Dkt. No. 94. Because the FAC was improper, the Court STRIKES it. Plaintiff's motion for an extension of time is therefore DENIED AS MOOT.

I.    BACKGROUND

Very briefly, the instant case arises out of a motor vehicle accident that occurred in the parking lot of a restaurant located in Eastsound, Washington, on March 10, 2023. *See generally*

1  Dkt. No. 88 (Third Amended Complaint ("TAC")); *see also* Dkt. No. 91 (motion for summary
2  judgment) at 2–5. The accident subsequently led to Plaintiff's prosecution and guilty plea in San
3  Juan County, Washington, District Court. *See* Dkt. No. 88 at 8; Dkt. No. 91 at 5.

4        Of procedural relevance here, on November 1, 2024, the Court issued an Order that
5  dismissed Plaintiff's Second Amended Complaint ("SAC") (Dkt. No. 58). Dkt. No. 85. Although
6  the Court dismissed the SAC in its entirety, it granted Plaintiff leave to amend and gave Plaintiff
7  a deadline of December 2, 2024, to file a TAC. *Id.* at 13. Plaintiff timely filed a TAC on
8  December 2, 2024, which she modified on December 3, 2024. Dkt. Nos. 87, 88. On February 11,
9  2025, Defendants filed their answer. Dkt. No. 89.

10        Two days later, on February 13, 2025, Plaintiff filed what purported to be yet another
11  amended complaint—her fifth pleading. On April 22, 2025, Defendants moved for summary
12  judgment. Dkt. No. 91. In their motion, Defendants noted that, "as the Defendants had already
13  answered the *Third Amended Complaint*, and Plaintiff neither sought nor received permission to
14  file an additional complaint, the *Third Amended Complaint* is the operative pleading here." *Id.* at
15  6 n.1 (italics in original). Plaintiff's response to Defendant's motion for summary judgment is
16  not due until May 13, 2025. However, on May 8, 2025, Plaintiff filed on the docket a Praecipe to
17  Issue Summons as to "San Juan County IT Direct[or], Tony Harrell." Dkt. No. 93. Harrell was
18  not named as a Defendant in the TAC but was newly named as a Defendant in the FAC.[1] The

---

[1] Although it does not change the Court's application of Rule 15, the Court notes that the TAC lists "John Doe" as a Defendant. *See* Dkt. No. 88 at 1. "As a general rule, the use of 'John Doe' to identify a defendant is not favored . . . [, but] situations arise . . . where the identity of alleged defendants will not be known prior to the filing of a complaint." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). But even if Plaintiff only intended to use "John Doe" temporarily, as a placeholder defendant, she would have needed to seek the Court's leave (or Defendants' written permission) to amend the TAC to substitute Harrell as a named defendant. *See, e.g.*, *Est. of Arroyo ex rel. Wilson v. County of San Diego*, No. C21-1956, 2024 WL 1627221, at *8 (S.D. Cal. Apr. 15, 2024); Fed. R. Civ. P. 15(a)(2).

ORDER ON FOURTH AMENDED COMPLAINT - 2

next day, May 9, 2025, Plaintiff requested that the Court "Delay Preciepe [*sic*] of Summons to Defendant San Juan County IT Director, Tony Harrell." Dkt. No. 94.

## II.   DISCUSSION

Where a party has already amended a pleading once, it "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Plaintiff had already filed an Amended Complaint (Dkt. No. 18), then a SAC (Dkt. No. 58), and then a TAC (Dkt. No. 88). Under Rule 15, then, she could not simply file another amended complaint without having first received permission from either Defendants or the Court. Even so, this is what Plaintiff did. Dkt. No. 90.

This is not the first time that Plaintiff has ignored Rule 15 and filed an unauthorized complaint. On October 25, 2024, Plaintiff attempted to file a third amended complaint without having obtained the necessary permission to do so. *See* Dkt. No. 83. The Court struck that pleading as improper and advised Plaintiff that "all further filings with the Court must be made in accordance with the Federal Rules of Civil Procedure." Dkt. No. 85 at 12.

Moreover, on November 1, 2024, upon granting Defendants' motions to dismiss and dismissing the SAC, the Court decided to "allow Plaintiff one final opportunity to amend her complaint." *Id.* The TAC represented that final opportunity. When she filed the TAC—which was actually her fourth time amending her complaint—Plaintiff was on notice that she would have no further opportunities to plead this case. "[P]ro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Muñoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Such requirements include direct orders from the Court. *See Shakur v. YRC Inc.*, No. C21-1013, 2022 WL 15173421, *3 (C.D. Cal. Oct. 26, 2022). Plaintiff's FAC is improper, and therefore, the Court strikes it. *See Terrell v. TravelCenters of Am.*, No. C21-353, 2021 WL 2711656, at *2 (W.D. Wash. July 1, 2021) (striking amended complaints as

improper under Federal Rule of Civil Procedure 15(a)(2)); *Alexander v. Internal Revenue Serv.*, No. C19-652, 2020 WL 550742, at *2 (W.D. Wash. Feb. 4, 2020) (same).

### III.   CONCLUSION

Accordingly, Plaintiff's Fourth Amended Complaint (Dkt. No. 90) is STRICKEN. As a result, Plaintiff's motion for extension of time (Dkt. No. 94) is DENIED AS MOOT.

Dated this 12th day of May 2025.

Tana Lin
United States District Judge